UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| EMINENT CONSULTING, LLC, a Tennessee limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>RIGHTSOURCING, INC., a New York corporation; and DOES 1-10, inclusive,<br><br>Defendants. | No. 2:24-cv-02646-JAM-CSK<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM** |
|---|---|

Before the Court is Eminent Consulting LLC's ("Plaintiff") motion to dismiss RightSourcing Inc.'s ("Defendant") Counterclaim. See Mot., ECF No. 12; Counterclaim, ECF 8. Defendant opposed. See Opp'n, ECF No. 14. Plaintiff replied. See Reply, ECF No. 15. For the following reasons, Plaintiff's motion is GRANTED WITH LEAVE TO AMEND.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for March 25, 2025.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

This controversy arises out of a contract dispute between Plaintiff and Defendant. See Compl. ¶¶ 13-16, ECF No. 1. Plaintiff is a staffing and recruiting company for nurses and other health care professionals. Id. ¶ 5. Defendant is a vendor that contracted with New York City hospitals. Id. ¶¶ 7-8. Plaintiff and Defendant entered several written contracts and separately agreed on the rates to be paid to health care professionals. Id. ¶¶ 8, 10. Defendant failed to pay Plaintiff at the agreed upon rates and for all hours worked by Plaintiff's employees. Id. ¶ 10. Plaintiff filed suit and brought five causes of action, including breach of contract. Id. at 1. Defendant then filed the Counterclaim, which is a single cause of action for express contractual indemnity. Counterclaim at 12.

Plaintiff now moves to dismiss the Counterclaim for lack of subject matter jurisdiction. See Mot. at 2. Defendant asserts the Court has original and supplemental jurisdiction. See Opp'n at 4.

II.   OPINION

A.   Legal Standard

Federal courts are courts of limited jurisdiction, and possess only that power authorized by the Constitution and by statute. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994) (internal citations omitted). Federal courts are presumptively without jurisdiction over civil actions, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Id. Lack of subject matter jurisdiction is never waived and may be raised by either party

2

or the court at any time.  Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 595 (9th Cir. 1996).  Because jurisdiction is a threshold matter, a case can proceed no further if a court lacks jurisdiction to hear it.  See Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(1) when a district court lacks subject matter jurisdiction over the claim.  Fed. R. Civ. P. 12(b)(1).  "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence."  Rattlesnake Coal. v. U.S. E.P.A., 509 F.3d 1095, 1102 n.1 (9th Cir. 2007).  There are two permissible jurisdictional attacks under Rule 12(b)(1): a facial attack, where the court's inquiry is limited to the allegations in the complaint; or a factual attack, which permits the court to look beyond the complaint at affidavits or other evidence. Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).  If the moving party asserts a facial challenge, the court must assume that the factual allegations asserted in the complaint are true and must construe those allegations in the light most favorable to the plaintiff.  Li v. Chertoff, 482 F.Supp.2d 1172, 1175 (S.D. Cal. 2007) (citing United States v. One 1997 Mercedes E420, 175 F.3d 1129, 1130–31 n.1 (9th Cir. 1999) and Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003)).

///

///

B. Analysis

1. Original Jurisdiction

28 U.S.C. Section 1332 provides that district courts have original jurisdiction of all civil actions if (1) there is diversity of citizenship and (2) the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1).

Defendant alleges it is a citizen of Delaware and California, and Plaintiff is a citizen of Tennessee.  See Counterclaim ¶ 1.  Plaintiff alleges that Defendant is incorporated in New York and therefore captions Defendant as "a New York corporation" on the face of the Complaint.  See Compl. at 1, ¶ 1.  The Court's inquiry is limited to the Counterclaim and thus the allegation in the Complaint regarding Defendant's citizenship is irrelevant to the present analysis.  See Savage v. Glendale Union High Sch., 343 F.3d at 1039 n.2.  Also, regardless of whether Defendant is incorporated in New York, neither party alleges that Defendant is a citizen of Tennessee, which is the only state where Plaintiff resides.  Thus, there is complete diversity of citizenship.

Defendant alleges that because Plaintiff failed to defend or indemnify Defendant, it had to pay $65,000 to claimants to settle a dispute.  Counterclaim ¶ 20.  Defendant further alleges it "has been damaged in an amount in excess of $65,000."  Id. ¶ 22. Defendant's Counterclaim does not, however, mention any other source of damages other than the $65,000 settlement. Because from the face of the complaint "it is obvious that the suit cannot involve the necessary amount," the Court grants Plaintiff's motion to dismiss the Counterclaim on the grounds it

lacks diversity jurisdiction.  See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1106 (9th Cir. 2010).

### 2. Supplemental Jurisdiction

28 U.S.C. Section 1367 provides that, in any civil action of which the court has original jurisdiction, the court has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." Bahrampour v. Lampert, 356 F.3d 969, 978 (9th Cir. 2004).

The Complaint includes allegations regarding negotiations made outside of a written agreement between the parties. Plaintiff alleges, "The rates [Defendant] agreed to pay were not specified in the written agreements but were left to the parties' negotiations. [Plaintiff], [Defendant], and the NYC Entities subsequently agreed on the rates." Compl. ¶ 10. The Counterclaim, however, concerns an indemnification provision in a Participation Agreement with the New York City Department of Education, in which Plaintiff agreed to defend and indemnify Defendant for all claims relating to Plaintiff's employees. Counterclaim ¶¶ 10-14. Defendant received notice of alleged violations of employment law and thereafter tendered a claim for indemnification to Plaintiff. Id. ¶¶ 18-19. Though Plaintiff

5

1  accepted tender of the claims, it failed to provide "meaningful
2  defense" or indemnification, which forced Defendant to pay
3  $65,000 to settle the dispute.  Id. ¶ 20.
4      Based on these allegations, the Court finds the Complaint
5  and the Counterclaim do not share a "common nucleus of operative
6  fact."  See Bahrampour v. Lampert, 356 F.3d at 978.  While the
7  Complaint concerns a verbal agreement between the parties
8  regarding the rates for services—though this verbal agreement is
9  enforceable by the written contracts—the Counterclaim stems from
10 an indemnification provision in a particular contract that does
11 not appear to be at issue in the Complaint.  The only connection
12 between these claims is they involve the same parties and
13 concern an agreement, which falls short of establishing that
14 they are part of the same case or controversy.  See Okanogan
15 Highlands All. v. Crown Res. Corp., 526 F. Supp. 3d 872, 877
16 (E.D. Wash. 2021) (holding the court lacked supplemental
17 jurisdiction because the only commonality between claims was the
18 defendant's operation of a mine); Ader v. SimonMed Imaging Inc.,
19 324 F. Supp. 3d 1045, 1051 (D. Ariz. 2018) (holding the court
20 lacked supplemental jurisdiction because the only commonality
21 between claims was the plaintiff's employment relationship with
22 the defendant). Plaintiff's motion to dismiss on the grounds the
23 Court lacks supplemental jurisdiction over the Counterclaim is
24 granted.
25      C.   Leave to Amend
26      A court granting a motion to dismiss a claim must then
27 decide whether to grant leave to amend.  Leave to amend should
28 be "freely given" where there is no "undue delay, bad faith or

1  dilatory motive on the part of the movant, . . . undue prejudice
2  to the opposing party by virtue of allowance of the amendment,
3  [or] futility of [the] amendment . . . ." Foman v. Davis, 371
4  U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316
5  F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as
6  those to be considered when deciding whether to grant leave to
7  amend).  Dismissal without leave to amend is proper only if it
8  is clear that "the complaint could not be saved by any
9  amendment." Intri-Plex Techs., Inc. v. Crest Group, Inc., 499
10 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc.,
11 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil
12 Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be
13 granted where the amendment of the complaint . . . constitutes
14 an exercise in futility . . . .")).
15      Here, leave to amend is proper because Defendant may be
16 able to plead additional allegations establishing jurisdiction.
17 Because Defendant has not previously amended its Counterclaim
18 and this motion is the first dispositive motion brought in this
19 action, granting leave to amend does not create unnecessary
20 delay or prejudice Plaintiff.  The leave granted is limited to
21 pleading allegations that give rise to diversity or supplemental
22 jurisdiction.
23                        III.  ORDER
24      For the reasons set forth above, Plaintiff's motion to
25 dismiss Defendant's Counterclaim is GRANTED WITH LEAVE TO AMEND.
26      If Defendant elects to file an Amended Counterclaim, it must
27 do so within twenty (20) days of this Order.  Plaintiff shall
28 file its response to the Amended Counterclaim within twenty (20)

1  days thereafter.
2      IT IS SO ORDERED.
3  Dated: April 8, 2025

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE