MICHAEL ZORKIN (Bar No. CA 313308)
Email: MZ@thezorkinfirm.com
THE ZORKIN FIRM
6320 Canoga Ave., 15th Floor
Woodland Hills, California 91367
Telephone:   323.493.8075
Fax:               323.872.5251

Attorneys for Defendant
Eminent Consulting, LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Eminent Consulting, LLC, a Tennessee limited liability company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RightSourcing, LLC, a Delaware Limited Liability Company; and Does 1-10, inclusive<br><br>　　　　　Defendant. | No.  2:24-cv-02646-JAM-CSK<br><br>Hon. John A. Mendez<br><br>**ANSWER TO AMENDED COUNTERCLAIM AND AFFIRMATIVE DEFENSES**<br><br>Complaint Filed: September 30, 2024 |
| RightSourcing, LLC f/k/a RightSourcing, Inc., a Delaware Limited Liability Company,<br><br>　　　　　Counterclaimant,<br><br>　　v.<br><br>Eminent Consulting, LLC, a Tennessee limited liability company,<br><br>　　　　　Counterdefendant. | |

Counterdefendant Eminent Consulting, LLC answers and asserts affirmative defenses to the Amended Counterclaim:

**ANSWER**

1. Eminent admits the allegations in Paragraph 1.
2. Eminent admits the allegations in Paragraph 2.
3. Eminent lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 3.
4. Eminent lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 4.
5. Eminent admits that there is complete diversity of citizenship between the parties. Eminent denies the remainder of the allegations of Paragraph 5.
6. Eminent denies the allegations in Paragraph 6.
7. Eminent admits the allegations in Paragraph 7.
8. Eminent admits the allegations in Paragraph 8.
9. Eminent admits the allegations in Paragraph 9.
10. Eminent admits the allegations in Paragraph 10.
11. Eminent admits that the September 2, 2020 agreement contained an indemnification clause summarized in Paragraph 11. Eminent denies that the September 2, 2020 agreement is the operative agreement.
12. Eminent admits that the September 2, 2020 agreement references Participation Agreements as stated in Paragraph 12.
13. Eminent admits the allegations in Paragraph 13.
14. Eminent admits the allegations in Paragraph 14.
15. Eminent admits the first sentence of Paragraph 15. Eminent denies the second sentence of Paragraph 15.
16. Nothing to admit or deny.
17. Eminent denies the allegations in Paragraph 17.
18. Eminent denies the allegations in Paragraph 18.

1    19.   Eminent admits only that such a notice described in Paragraph 19 exists.  Eminent lacks sufficient information to form a belief as to the truth of the remainder of Paragraph 19.

20.   Eminent admits the allegations in Paragraph 20.

21.   Eminent denies the allegations in Paragraph 21.

22.   Eminent denies the allegations in Paragraph 22.

23.   Eminent denies the allegations in Paragraph 23.

1.    Eminent denies that Plaintiff is entitled to the relief sought in this paragraph.

2.    Eminent denies that Plaintiff is entitled to the relief sought in this paragraph.

3.    Eminent denies that Plaintiff is entitled to the relief sought in this paragraph.

4.    Eminent denies that Plaintiff is entitled to the relief sought in this paragraph.

## AFFIRMATIVE DEFENSES

Without waiving the above denials or undertaking any burden of proof not otherwise assigned to it by law or in equity, Eminent asserts the following affirmative defenses to RightSourcing's Counterclaim.  Eminent reserves the right to assert additional defenses if discovery and/or further analysis reveals that additional unknown and/or unstated defenses are applicable.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

RightSourcing's Counterclaim fails to allege facts sufficient to state a cause of action against Eminent or to obtain the relief sought.

## SECOND AFFIRMATIVE DEFENSE
### (Barred by Terms of the Contract)



RightSourcing's Counterclaim is barred, in whole or in part, by the terms, conditions, limitations, and/or exclusions of the Parties' agreement.

### THIRD AFFIRMATIVE DEFENSE
### (Subject to Offset)

If RightSourcing is found to be entitled to recover damages under any cause of action of the Counterclaim, such damages must be offset and reduced by the debts that RightSourcing owes to Eminent, as alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

Any recovery on the Counterclaim is barred in whole or in part because RightSourcing would be unjustly enriched if awarded any relief.

### FIFTH AFFIRMATIVE DEFENSE
### (Reasonable / Good Faith Conduct)

Eminent at all times acted reasonably and in good faith, and acted as might reasonably be expected of a similar party, acting under similar circumstances, to comply with the regulation(s) and/or legal requirements at issue.

### SIXTH AFFIRMATIVE DEFENSE
### (Payment/Satisfaction)

RightSourcing 's Counterclaim is barred because RightSourcing has been paid, in full or in part, by Eminent or third parties.

### SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

The Counterclaim is barred, in whole or in part, by RightSourcing's failure to exercise reasonable diligence in mitigating any claimed damages.

### EIGHTH AFFIRMATIVE DEFENSE
### (Estoppel)

RightSourcing is estopped from asserting the cause of action alleged in the

Counterclaim.

**NINTH AFFIRMATIVE DEFENSE**

**(Waiver)**

RightSourcing waived its right to assert the cause of action alleged in the Counterclaim.

**TENTH AFFIRMATIVE DEFENSE**

**(Laches)**

The Counterclaim is barred by the doctrine of laches because RightSourcing waited an unreasonable amount of time to assert its claim which prejudiced Eminent.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitation)**

To the extent the Counterclaim seeks equitable indemnity, it is barred by the 2-year statute of limitations for obligations not based on a writing. Cal. Civ. Proc. Code § 339.

**PRAYER FOR RELIEF**

Eminent prays for judgment as follows:

1. That RightSourcing takes nothing through the Counterclaim and that judgment for Eminent be entered on each cause of action;

2. That Eminent be awarded its costs and expenses incurred in this action; and

3. That Eminent recovers any other relief that this Court deems just and proper.

Dated: May 19, 2025        THE ZORKIN FIRM

By:/s/ Michael Zorkin
Michael Zorkin
Attorneys for California Physicians'
Service dba Eminent of California