UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMINENT CONSULTING, LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>RIGHTSOURCING, LLC,<br><br>            Defendant. | Case No. 2:24-cv-02646-JAM-CSK<br><br>ORDER GRANTING MODIFIED STIPULATED PROTECTIVE ORDER<br><br>(ECF No. 46) |

The Court has reviewed the parties' stipulated protective order below (ECF No. 46), and finds it comports with the relevant authorities and the Court's Local Rule. *See* L.R. 141.1. The Court APPROVES the protective order, subject to the following clarification.

The Court's Local Rules indicate that once an action is closed, it "will not retain jurisdiction over enforcement of the terms of any protective order filed in that action." L.R. 141.1(f); *see Bylin Heating Sys., Inc. v. Thermal Techs., Inc.*, 2012 WL 13237584, at *2 (E.D. Cal. Oct. 29, 2012) (noting that courts in the district generally do not retain jurisdiction for disputes concerning protective orders after closure of the case). Thus, the Court will not retain jurisdiction over this protective order once the case is closed.

Dated: December 16, 2025

                                              CHI SOO KIM
                                              UNITED STATES MAGISTRATE JUDGE

4, emin2646.24

KURT A. KAPPES (SBN 146384)
MICHAEL D. LANE (SBN 239517)
ROCCO PALLIN (SBN 360385)
GREENBERG TRAURIG, LLP
400 Capitol Mall, Suite 2400
Sacramento, CA 95814
Telephone: (916) 442-1111
Facsimile: (916) 448-1709
kappesk@gtlaw.com
lanemd@gtlaw.com
rocco.pallin@gtlaw.com

Attorneys for Defendant and Counter-Claimant
RIGHTSOURCING, LLC

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EMINENT CONSULTING, LLC, a Tennessee limited liability company,<br><br>        Plaintiff,<br><br>v.<br><br>RIGHTSOURCING, LLC, a Delaware Limited Liability Company, and DOES 1-10, inclusive,<br><br>        Defendant. | CASE NO. 2:24-cv-02646-JAM-CSK<br><br>**[PROPOSED] MODIFIED STIPULATED PROTECTIVE ORDER** |

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby petition the court to enter the following Stipulated Protective Order. This Protective Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. This Protective Order does not entitle the parties to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

The nature of the claims involved in this action may require discovery into competitively sensitive information, including potentially from third parties. A private agreement between the Parties would be insufficient to alleviate the Parties' concerns that such information remain confidential. Good cause exists for entry of a protective order to prevent unauthorized disclosure and use of such information of Parties and Non-Parties during the litigation and after it has been concluded. A protective order will also facilitate timely production of material from both Parties and Non-Parties. Given these concerns, RightSourcing respectfully requests the entry of this Order by the Court.

2. **DEFINITIONS**

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that a Party or Non-Party reasonably and in good faith believes to contain either confidential or proprietary information that is not publicly available (such as commercial, financial, trade secret, or other sensitive information) and that are treated confidentially by a Party or Non-Party, or PERSONAL INFORMATION.

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

///

2.4 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

2.5 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Outside Counsel to serve as an expert witness or consultant in this action and who is not a current or former employee of a Party or of a competitor of a Party.

2.7 "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items: Competitively sensitive "CONFIDENTIAL Information or Items," the disclosure of which would result in the disclosure of Information only known on a "need-to-know basis" and generally not known by individuals or entities not affiliated with a Party, and would cause injury to the producing Party's commercial or competitive interests. There is a particularized need for this Information to be covered by the Order to protect its highly sensitive and confidential nature, as disclosure could create a substantial risk of harm to the Designating Party that could not be avoided by less restrictive means.

2.8 House Counsel: attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel.

2.9 Information: Any document (whether in hard copy or a computer readable form), or portion thereof, any type of evidence, any form of discovery contemplated under FRCP 26 through 36, or any other information given in writing or orally.

2.10 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 Outside Counsel: Attorneys with the firms of Greenberg Traurig, LLP and the Zorkin Firm, and any other attorneys who are not employees of a Party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

  2.12  <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

  2.13  <u>PERSONAL INFORMATION</u>: any information that is protected as personal or private information under any applicable federal or state protections for personal or private information ("Data Protection Laws").

  2.14  <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

  2.15  <u>Professional Vendors</u>: persons or entities that provide litigation support services (including but not limited to photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

  2.16  <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" pursuant to the provisions of this Order.

  2.17  <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.  SCOPE**

  The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel in Court proceedings or in other settings that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

///

4.     **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     **DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) **For information in documentary form** (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings): that the Producing Party shall affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" at the top or bottom of each page that contains protected material, in such a manner that will not interfere with the legibility of the document. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

      (b) **for testimony given in deposition or in other pretrial or trial proceedings**: All depositions or portions of depositions taken in this action, including exhibits thereto, that discuss, contain, or constitute Information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" may be similarly designated. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within twenty-one (21) days following receipt of the transcript to do so. Only those portions of the testimony that are appropriately designated for protection within the twenty-one (22) days following receipt of the transcript shall be covered by the provisions of this Order. Until expiration of the aforesaid twenty-one (21) day period, all deposition transcripts shall be considered and treated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" unless otherwise agreed on the record at the deposition.

      The deposition of any witness (or any portion of such deposition) that encompasses Information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall be taken only in the presence of persons who are qualified to have access to such information.

      Transcript pages containing Protected Material must be separately identified by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" as instructed by the Party or Non-Party offering or sponsoring the witness or presenting the testimony

      (c) f**or information produced in some form other than documentary and for any other tangible items**: the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s), specifying whether they qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." When a tangible object is produced for inspection subject to this Order, a photograph thereof shall be produced at the time of inspection labeled with the desired designation. Thereafter, any knowledge learned or obtained as a result of the inspection shall be subject to this Order in accordance with the designation.

///

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Challenge Procedure:  Should a dispute arise between the Parties regarding a confidentiality designation, the Parties hereby agree that such dispute will be resolved in accordance with Civil Local Rule 251.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging Party to sanctions.  All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Treatment of Protected Material by Outside Counsel in conformity with the designation shall not be construed in any way as an admission or agreement by any Party that the designated Information in fact or in law constitutes or contains any proprietary or confidential information.

The designation of any Information as being "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" pursuant to this Order shall not relieve the Designating Party from the burden imposed by the relevant substantive law.

///

///

Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order, and must be stored and maintained by a Receiving Party at a location and in a secure manner that is consistent with the firm's storage of client files.

Further, to the extent Protected Material contains any PERSONAL INFORMATION, Receiving Party must comply with all Data Protection Laws in relation to the processing and storage of such PERSONAL INFORMATION.

When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel, House Counsel and their office associates, paralegals, legal assistants, stenographic and clerical employees, and Professional Vendors hired in the ordinary course of representation to whom disclosure is reasonably necessary;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters retained to transcribe testimony and their staff;

(f) the author of the document, the original source of the Information, or persons who received it;

(g) mediators or other ADR professionals agreed on and retained by the Parties; and

(h) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or

exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

7.3.   <u>Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items:</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to the persons designated in paragraphs 7.2(a), (c), (d), (e), and (f).

8.   **PROTECTED MATERIAL SOUGHT IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in another litigation that would compel disclosure of any Information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," the Receiving Party must promptly notify the Designating Party, in writing, within sufficient time to allow the Designating Party to seek relief to stop the production of such Protected Material. Such notification must include a copy of the subpoena or court order.

The purpose of imposing this duty is to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order is issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.   **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person(s) to whom unauthorized disclosures were made of all the terms of this Order and provide a copy of this Order, and (d) require such person(s) execute the "Acknowledgment and Agreement to be Bound" attached hereto as Exhibit A.

10.   **FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected

Material. Whenever any writing, testimony, Information, or material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" is to be filed with the Court, the Parties shall follow the procedures for filing records under seal set forth in Civil Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 140, where possible, a Party must also seek to publicly file material with the Protected Material redacted, provided that the Court has also granted the filing of an unredacted copy of the material under seal.

In connection with any motion filed with the Court, only those portions of a Party's submission (*e.g.*, memorandum of law, affidavit, and exhibits) which meet the requirements for treatment of protection from public filing shall be filed under seal. Designation of material as confidential or protected by any Party pursuant to a protective order as the sole basis for filing the material under seal shall not satisfy this requirement. With respect to any submission filed with the Court which is sealed and posted on ECF with a placeholder, the sealed submission shall be sent electronically or hand delivered to all Parties and <u>hand delivered to the Court</u> contemporaneously with the documents being posted on ECF.

Notwithstanding the foregoing, the Parties may meet and confer and agree that any Protected Material may be filed in the public record on a case-by-case basis without filing under seal.

11. **INADVERTENT PRODUCTION OF PROTECTED MATERIAL**

Notwithstanding anything contrary herein, if a Party or Non-Party through inadvertence or mistake produces any Protected Material without designating it with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," the Producing Party may give written notice to the Receiving Party that the Disclosure or Discovery Material contains Protected Material and should be treated as such in accordance with the provisions of this Order. Upon receipt of such notice, the Receiving Party must treat such Disclosure or Discovery Material as Protected Material and shall make reasonable efforts to retrieve any such Information distributed to unauthorized persons. Outside Counsel for the Parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." The inadvertent or unintentional disclosure by the Producing Party of Protected Material, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in

part of the Producing Party's claim of confidentiality either as to the specific information disclosed, or as to any other information relating thereto or on the same or related subject matter.  The Receiving Party shall not be responsible for the disclosure or other distribution of belatedly designated Protected Material as to such disclosure or distribution that may occur before the receipt of such notification of a claim of confidentiality and such disclosure or distribution shall not be deemed to be a violation of this Order.

All inadvertent disclosures of Information that is privileged or otherwise immune from discovery shall be subject to the requirements and procedures detailed in Federal Rule of Evidence 502(b) and Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent disclosures shall not constitute waiver of, or estoppel as to, or otherwise prejudice any claim of such privilege or immunity.

12. **MISCELLANEOUS**

12.1. Right to Further Relief:  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future, and nothing in this Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

12.2. Right to Assert Other Objections:  With the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no action taken in accordance with this Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability, admissibility, or relevance of evidence.

12.3. Change in Designation:  Any Party may request a change in the designation of any Information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."  Any such Information shall be treated as designated until the change is completed.  If the requested change in designation is not agreed to, the Party seeking the change may move the Court for relief, providing notice to any third party whose designation of produced Information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" in the action may be affected.  The Party asserting that the Information is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" shall have the burden of proving that the Information in question is within the scope of protection afforded by FRCP 26(c) and that it must be treated with the designated level of confidentiality.

13. **FINAL DISPOSITION**

Within sixty (60) days after the final termination of this action (including any appeals), a Receiving Party shall, upon written notice from the Designating Party, either return or certify in writing to the Producing Party that all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" information has been destroyed, including all tangible copies of extracts of data taken from such Information, and that commercially reasonable efforts have been taken to remove electronic copies of such Information, from any computer, server, or communication device. The written certification shall state that the Receiving Party has not retained copies of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" information, except that Outside Counsel are entitled to retain an archival copy of all pleadings, motions, papers, transcripts, legal memoranda, correspondence, or attorney work product that may contain such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" information. Archival copies shall, however, remain subject to this Order, as set forth in Section 4 above.

Within 60 days following the expiration of the last period for appeal from any order issued in connection with this action, the parties shall remove any Information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" from the office of the Clerk of Court. Following that 60-day period, the Clerk of Court shall destroy all Information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: December 9, 2025          GREENBERG TRAURIG, LLP

By: */s/ Michael D. Lane*
Kurt A. Kappes
Michael D. Lane
Rocco Pallin
Attorneys for Defendant and Counter-Claimant
RIGHTSOURCING, LLC

DATED: December 9, 2025          THE ZORKIN FIRM

By: */s/Michael Zorkin*
Michael Zorkin
Attorneys for Plaintiff EMINENT CONSULTING, LLC

13
[PROPOSED] MODIFIED STIPULATED PROTECTIVE ORDER

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I hereby certify that I have reviewed and understand the attached Protective Order entered in the matter EMINENT CONSULTING, LLC v. RIGHTSOURCING, LLC and that I, being a person covered under paragraph 7.2(b), (c), or (h) or paragraph 9 of that Protective Order, agree to comply with the terms of the Protective Order and to submit to the jurisdiction of the United States District Court for the Eastern District of California should I violate the terms of that Protective Order .

I further certify that I am authorized to sign this Exhibit to the Protective Order on behalf of any entity listed below in which I am employed and, in doing so, bind not only myself, but also all other personnel of such entity to whom it is necessary that the material be shown and/or shared for the purposes of this litigation, and that I will take reasonable steps to ensure compliance by such other personnel with this Protective Order.

Date: _____

_____
Signature

_____
Printed Name of Signatory

_____
Name of Employer

_____
Address