MICHAEL ZORKIN (Bar No. CA 313308)
THE ZORKIN FIRM
Email: mz@thezorkinfirm.com
6320 Canoga Ave., 15th Floor
Woodland Hills, California 91367
Telephone: 323.493.8075

Attorneys for Plaintiff Eminent Consulting, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Eminent Consulting, LLC, a Tennessee limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>RightSourcing, Inc., a New York corporation; and Does 1-10, inclusive<br><br>Defendant. | No. 2:24-cv-02646-JAM-CSK<br><br>Hon. Chi Soo Kim<br><br>**OPPOSITION TO MOTION FOR SANCTIONS** (Dkt. 66)<br><br>Hearing Date: July 28, 2026<br>Hearing Time: 10:00 p.m.<br><br>Complaint Filed: September 30, 2024 |
| RightSourcing, Inc., a New York corporation,<br><br>Counterclaimant,<br><br>v.<br><br>Eminent Consulting, LLC, a Tennessee limited liability company,<br><br>Counterdefendant. | |

TABLE OF CONTENTS

INTRODUCTION ..... 1

ARGUMENT ..... 1

I. The Court should defer any sanctions until Eminent's pending motion to withdraw is resolved and it has a reasonable opportunity to retain substitute counsel. ..... 1

II. Evidentiary preclusion is a case-dispositive sanction that is unwarranted before lesser sanctions are imposed. ..... 3

III. Monetary sanctions should be denied because the failure was substantially justified and an award would be unjust. ..... 3

CONCLUSION ..... 4

## INTRODUCTION

Eminent Consulting, LLC respectfully requests that the Court deny the motion for evidentiary sanctions or, at a minimum, defer any ruling until Eminent's pending motion to withdraw is resolved and Eminent has a reasonable opportunity to retain substitute counsel. The conduct RightSourcing complains of — the failure to appear for depositions and to serve supplemental discovery responses — is the product of a genuine breakdown in the attorney-client relationship and the illness of Eminent's principal, not willful defiance of the Court's Order. Eminent's counsel has been unable to reach or obtain instructions from the client for months and has now moved to withdraw (Dkt. 67.)

Because Eminent is a limited liability company that cannot litigate without counsel, the orderly course — the one courts in this District follow — is to stay the matter and allow Eminent a fixed period to substitute counsel, not to impose the case-ending sanctions. A short deferral would not prejudice RightSourcing: if Eminent fails to retain counsel, its claims are subject to dismissal; if it retains counsel, the depositions can promptly proceed, which is the very relief RightSourcing seeks in its companion motion (Dkt. 63.) Precluding the testimony of Eminent's principal and its Rule 30(b)(6) designee is a doomsday sanction that is unwarranted at this stage.[1]

## ARGUMENT

### I. The Court should defer any sanctions until Eminent's pending motion to withdraw is resolved and it has a reasonable opportunity to retain substitute counsel.

A district court has broad discretion to manage discovery and to defer or stay proceedings, and Local Rule 182(d) confirms that relief concerning withdrawing

[1] As explained in the request for remote appearance, this motion was set without asking for counsel's availability on a date when counsel is travelling out of the country. (Dkt. 70.) Counsel's flight lands at 7:44 a.m. PST and after customs, baggage claim, and transportation to the hotel, counsel is uncertain if he will be able to join the hearing exactly at 10:00 am. Counsel thus respectfully requests second call and apologizes to the Court for this inconvenience.

counsel may be granted "subject to such appropriate conditions as the Court deems fit." E.D. Cal. L.R. 182(d); *Williams v. County of Fresno*, 562 F. Supp. 3d 1032, 1035 (E.D. Cal. 2021). Faced with a motion to withdraw, the court in *Williams* "entered a stay of the case" and set a deadline for the clients to obtain new counsel. *Id.* at 1034–36. Eminent suggests the same approach here. The need for a deferral is heightened because Eminent is a limited liability company. An LLC may appear in federal court only through counsel and if it fails to retain counsel it faces dismissal or default. Courts confronting this precise situation — counsel withdrawing for an entity that cannot self-represent — give the entity a fixed period to retain new counsel rather than imposing immediate adverse consequences. In *Haroon's Halal Kabob LLC v. Food Truck Builders of Phx..com LLC*, No. CV-20-01634-PHX-SPL, 2021 WL 9597882, at *1 (D. Ariz. Nov. 3, 2021), where counsel withdrew due to illness, the court found that an extension "could cure any potential prejudice and allow Plaintiffs to find new representation" and, "[i]n the interest of justice," gave the LLC another thirty days to retain counsel.

Deferral does not prejudice RightSourcing. If Eminent does not retain counsel within the period the Court sets, its claims are subject to dismissal and RightSourcing obtains complete relief. If Eminent retains counsel, the depositions can promptly proceed — the very outcome RightSourcing requested in its companion motion to modify the schedule. (Dkt. 63.) A short deferral serves the ends of justice far better than a case-ending sanction imposed while counsel is seeking leave to withdraw.

Accordingly, and consistent with the protective relief Eminent requested in its pending motion to withdraw, the Court should defer its decision on this motion for a reasonable period after the motion to withdraw is heard to permit Eminent to retain substitute counsel. This relief parallels the conditions courts impose when counsel withdraws for an entity that cannot proceed pro se, see *Williams*, 562 F. Supp. 3d at

1034–36; *Haroon's Halal Kabob LLC*, 2021 WL 9597882, at *1, and preserves the status quo without prejudice to either party pending the Court's ruling on the withdrawal motion.

**II. <u>Evidentiary preclusion is a case-dispositive sanction that is unwarranted before lesser sanctions are imposed.</u>**

Evidentiary preclusion of the testimony of Eminent's principal and its Rule 30(b)(6) designee is a case-dispositive sanction, which the Ninth Circuit reserves for "extreme circumstances" where the failure is "due to willfulness, bad faith, or fault of the party." *United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co.*, 857 F.2d 600, 603 (9th Cir. 1988). The "district court abuses its discretion if it imposes a dismissal sanction without first considering the impact of the sanction and the adequacy of less drastic sanctions." *Id.* at 604.

The "key factors are prejudice and the availability of lesser sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). Both favor Eminent. Any prejudice from the delayed depositions is curable by a short extension — as RightSourcing effectively concedes by asking, in its companion motion, to take the depositions after the cutoff. (Dkt. 63.) Indeed, RightSourcing offered to stipulate to extend the discovery cut-off and take Eminent's deposition in August. Eminent's counsel agreed but asked to allow both sides to take depositions in that time. RightSourcing refused this minor change and filed a motion instead. (Dkt. 63.)

The policy favoring resolution on the merits weighs heavily against extinguishing multimillion-dollar claims over a discovery delay, and the least drastic alternative — deferral and a brief period to obtain counsel — has not been tried. Terminating sanctions at the first step are unwarranted. The better approach is to allow Eminent time to obtain new counsel.

**III. <u>Monetary sanctions should be denied because the failure was substantially justified and an award would be unjust.</u>**

For the same reasons, monetary sanctions should be denied. Although the

federal rules permit an award of expenses for a failure to obey a discovery order, they do so only “unless the failure was substantially justified or other circumstances make an award of expenses unjust.” Fed. R. Civ. P. 37(b)(2)(C), (d)(3). The party facing sanctions may establish substantial justification or that an award would be unjust. Eminent makes that showing: the failure stems from its principal’s illness and a breakdown in communication that left counsel unable to obtain the client’s participation. A failure caused by circumstances beyond the client’s control is substantially justified, and an award in these circumstances would be unjust. The requested award is also untethered to any completed violation. RightSourcing filed this motion on July 14, 2026 — before the July 16 and 17 deposition dates — so the fees and costs incurred in preparing it were incurred before any failure to appear had occurred, and expenses “caused by” a failure cannot include fees a movant chose to incur before the failure. At a minimum, any fee question should be deferred with the balance of the motion until substitute counsel appears and can be heard.

## CONCLUSION

For these reasons, Eminent respectfully requests that the Court deny RightSourcing’s motion or, in the alternative, defer ruling on the motion for a reasonable period of no less than thirty days after the motion to withdraw is heard.

Dated: July 21, 2026

THE ZORKIN FIRM

By: /s/ Michael Zorkin
Michael Zorkin
Attorneys for Plaintiff and Counterdefendant Eminent Consulting, LLC