KURT A. KAPPES (SBN 146384)
MICHAEL D. LANE (SBN 239517)
JULIA P. LÓPEZ (SBN 365832)
GREENBERG TRAURIG, LLP
400 Capitol Mall, Suite 2400
Sacramento, CA 95814
Telephone: (916) 442-1111
Facsimile: (916) 448-1709
kappesk@gtlaw.com
lanemd@gtlaw.com
julia.lopez@gtlaw.com

Attorneys for Defendant and Counter-Claimant
RIGHTSOURCING, LLC

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

EMINENT CONSULTING, LLC, a Tennessee limited liability company,

Plaintiff,

v.

RIGHTSOURCING, LLC, a Delaware Limited Liability Company, and DOES 1-10, inclusive,

Defendant.

RIGHTSOURCING, LLC, a Delaware Limited Liability Company,

Counter-Claimant,

v.

EMINENT CONSULTING, LLC, a Tennessee limited liability company,

Counter- Defendant.

CASE NO. 2:24-cv-02646-JAM-CSK

**DEFENDANT AND COUNTERCLAIMANT'S PARTIAL OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF**

Date: August 25, 2026
Time: 1:00 p.m.
Courtroom: 6
Judge: Honorable John A. Mendez

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Defendant and Counterclaimant RightSourcing, Inc. ("RightSourcing") does not object to Plaintiff Eminent Consulting, LLC's ("Eminent") counsel's request to withdraw next month. However, Eminent should not be permitted to use its counsel's request to withdraw as a vehicle to wipe the slate clean of months of non-responsiveness and non-compliance with Eminent's discovery obligations and Court orders. Indeed, for several months, RightSourcing has incurred significant fees and costs while diligently attempting to obtain basic discovery, secure deposition appearances, and enforce Eminent's compliance. The discovery disputes and sanctions motion now before Judge Kim are presumably the apparent product of Eminent's conduct—conduct that long predates Eminent's counsel's withdrawal motion—and Eminent should not be permitted to use its counsel's request to withdraw next month as a means of forestalling those proceedings and adding uncertainty as benefit of its noncompliance.

Accordingly, in the event that the Court will permit Eminent's counsel to withdraw, RightSourcing respectfully requests that the Court issue an Order to Show Cause, set for no more than thirty (30) days after the effective date of Mr. Zorkin's withdrawal, regarding dismissal for Eminent's failure to, by the OSC date: (1) obtain counsel, (2) prosecute this action and (3) provide witnesses and documents in compliance with RightSourcing's deposition notices and the Court's June 17, 2026 Order.

## II. ARGUMENT

### A. The Court Should Issue an Order to Show Cause Regarding Dismissal Rather Than Stay the Case

Given all that preceded this Motion, the Court should issue an Order to Show Cause why this case should not be dismissed. A stay would only reward the very conduct that appears to have precipitated counsel's withdrawal and would further delay and add uncertainty to resolution of RightSourcing's pending motions. *See Crocker Nat'l Bank v. M.F. Secs. (Bahamas), Ltd.*, 104 F.R.D. 123, 125–26 (C.D. Cal. 1985). (issuing an OSC requiring corporate defendants to obtain substitute counsel and appear, and warning that failure to do so could result in entry of judgment against them). In *Crocker*, the corporate defendants repeatedly failed to participate in the litigation, including failing to comply with discovery obligations and refusing to produce company representatives for deposition. *Id*. After defense counsel sought to withdraw,

the court addressed the issue by issuing an OSC requiring the defendants to obtain new counsel, appear at a specified hearing and show cause regarding their representation, and produce company representatives for deposition on the same date. *Id*. When the defendants failed to obtain substitute counsel, appear at the hearing, and appear for their court-ordered depositions, the court entered default judgment against them. *Id*.

Likewise, here, the discovery disputes at issue have been ongoing since at least February 2026. *See* Dkt. No. 63 at 7-11. During the ensuing months, RightSourcing repeatedly attempted to obtain discovery, schedule depositions, and resolve disputes without Court intervention. Its client had to pay for these repeated efforts. Rather than seek relief based on any purported inability to communicate with his client, Mr. Zorkin continued representing Eminent, appearing at discovery proceedings, serving discovery responses, and litigating this case. See Dkt. No. 63, Action Nos. 5, 9, 11, 13, 14, 16, 20, 22. Only after months of discovery disputes, and only after RightSourcing filed its Motion to Modify the Scheduling Order and Motion for Sanctions, did Mr. Zorkin move to withdraw. As in *Crocker*, The Court should issue an OSC requiring Eminent to obtain substitute counsel and show cause why this action should not be dismissed for failure to prosecute and comply with its discovery obligations, including RightSourcing's deposition notices and the Court's June 17, 2026 Order.

Eminent's request for a blanket 30-day stay (subject to additional requests for extensions) relies entirely on *Williams v. County of Fresno*, but *Williams* provides no guidance here. 562 F. Supp. 3d 1032 (E.D. Cal. 2021). *Williams* involved a routine motion to withdraw in which the court temporarily stayed the case and provided the client thirty days to obtain substitute counsel; the decision did not address ongoing discovery violations, pending sanctions motions, missed depositions, or a party's failure to comply with court-ordered discovery. By stark contrast, this case involves months of unresolved discovery disputes, a Court order compelling depositions of Ms. Gannon and Eminent's Rule 30(b)(6) witness, Eminent's failure to appear for those depositions, and pending motions arising directly from that conduct. Under these circumstances, the record reflects not a sudden communication breakdown requiring a stay, but a continuing pattern of delay and noncompliance that should be addressed through an OSC rather than

///

///

further postponement.[1]

**B. RightSourcing's Pending Motions Should Proceed Because Eminent Remains Represented by Counsel.**

The Court should also deny Eminent's request to stay RightSourcing's pending Motion to Modify the Scheduling Order and Motion for Sanctions because Eminent remains represented by counsel. Mr. Zorkin and The Zorkin Firm are still counsel of record, and the Court has not granted the motion to withdraw. Until that occurs, Eminent remains fully represented and responsible for complying with its litigation obligations. *See* L.R. 182(d) ("[t]he authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder"). The filing of a motion to withdraw does not automatically stay pending motion practice, suspend discovery obligations, or excuse compliance with existing Court orders. Notably, Eminent cites no authority holding that a party may avoid pending discovery motions merely because its counsel has filed a motion to withdraw. Nor does it identify any authority suggesting that discovery violations, sanctions exposure, or pending motion practice cease to exist once a withdrawal motion is filed. Eminent simply assumes that RightSourcing's motions should be put on hold for more than sixty-five (65) days, if not longer. No authority supports that result. Indeed, such a stay would substantially prejudice RightSourcing by postponing resolution of conduct and briefing that have already occurred—while Eminent was represented by counsel, and potentially require additional motion practice to enforce Eminent's compliance.

## III. <u>CONCLUSION</u>

For the foregoing reasons, RightSourcing respectfully requests that this Court issue an Order to Show Cause, set for no more than thirty (30) days after the effective date of Mr. Zorkin's withdrawal, regarding dismissal for Eminent's failure to, by the OSC date: (1) obtain counsel, (2) prosecute this action and (3) provide witnesses and documents in compliance with RightSourcing's deposition notices and the

[1] Eminent attempts to frame this matter as one involving a recent breakdown in communication necessitating a temporary pause in proceedings, but the record demonstrates otherwise. As recently as June 15, 2026, Eminent's counsel, Michael Zorkin, filed an untimely opposition to RightSourcing's motion to compel discovery responses and deposition appearances, representing to the Court that "Ms. Gannon anticipates, based on her current treatment protocols, that she will be able to be deposed in July, closer to the end of the month." *See* Dkt. No. 56. Two weeks later, on June 24, 2026, the parties filed a stipulation dismissing FocusPoint-related claims on Eminent's behalf. *See* Dkt. No. 61.

Court's June 17, 2026 Order. The Court should also issue appropriate sanctions to punish Eminent for its conduct, and require it to pay Rightsoucing its reasonable attorney's fees incurred in dealing with its recalcitrance.

DATED: July 29, 2026 GREENBERG TRAURIG, LLP

By: */s/ Michael D. Lane*
Kurt A. Kappes
Michael D. Lane
Julia P. López

Attorneys for Defendant and Counter-Claimant
RIGHTSOURCING, LLC