KURT A. KAPPES (SBN 146384)
MICHAEL D. LANE (SBN 239517)
JULIA P. LÓPEZ (SBN 365832)
GREENBERG TRAURIG, LLP
400 Capitol Mall, Suite 2400
Sacramento, CA 95814
Telephone: (916) 442-1111
Facsimile: (916) 448-1709
kappesk@gtlaw.com
lanemd@gtlaw.com
julia.lopez@gtlaw.com

Attorneys for Defendant and Counter-Claimant
RIGHTSOURCING, LLC

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

EMINENT CONSULTING, LLC, a Tennessee limited liability company,

Plaintiff,

v.

RIGHTSOURCING, LLC, a Delaware Limited Liability Company, and DOES 1-10, inclusive,

Defendant.

RIGHTSOURCING, LLC, a Delaware Limited Liability Company,

Counter-Claimant,

v.

EMINENT CONSULTING, LLC, a Tennessee limited liability company,

Counter- Defendant.

CASE NO. 2:24-cv-02646-JAM-CSK

**[PROPOSED] ORDER GRANTING DEFENDANT AND COUNTER-CLAIMANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**

[Filed concurrently with: Notice of Motion and Motion; Memorandum of Points and Authorities in Support of Motion; Separate Statement of Undisputed Material Facts; Declaration of Lindsay Maxwell; Declaration of Michael D. Lane]

Date: December 1, 2026
Time: 1:00 p.m.
Courtroom: 6
Judge: Honorable John A. Mendez

**[PROPOSED] ORDER**

Defendant and Counter-Claimant RIGHTSOURCING, LLC ("RightSourcing") and Plaintiff and Counter Defendant EMINENT CONSULTING, LLC ("Eminent") came before this Court on December 1, 2026. Having considered the Motion, all papers filed in support of and opposition to the Motion, the arguments of counsel, and the entire record in this action, the Court finds that there is no genuine dispute as to any material fact and that RightSourcing is entitled to judgment as a matter of law.

It is hereby **ORDERED** that: RightSourcing's Motion for Summary Judgment is **GRANTED** in its entirety.

Specifically:

1. The Clerk of Court shall enter judgment for Defendant and Counterclaimant RightSourcing, LLC and against Eminent on Eminent's First Cause of Action for Breach of Contract. There is no genuine dispute of material fact that:

   a. The Parties' Supplier Agreement and Participation Agreements (collectively, the "Operating Agreements") cannot be amended, modified or waived except by a signed, dated writing, and there is no evidence that any such signed, dated writing exists with respect to the Operating Agreements' material provisions discussed herein;

   b. The Parties' Operating Agreements provide that RightSourcing is not obligated to pay any rates or hours to Eminent unless RightSourcing's New York City clients (the "NYC Clients") first pay RightSourcing for said rates and hours, and there is no evidence that NYC Clients did remit any such payments to RightSourcing that Eminent alleges RightSourcing owes to Eminent;

   c. The Parties' Operating Agreements provide that Eminent must give notice of any alleged payment disputes within sixty (60) days of invoice and payment, and there is no evidence that Eminent timely did so;

   d. The Parties' Operating Agreements provide that Eminent will only be paid for rates and hours entered into the VMS timekeeping system, and there is no evidence that the rates and hours Eminent is seeking were input into VMS;

   e. The Parties' Operating Agreements provide that Eminent is responsible for accurately

inputting Eminent's workers' hours into VMS, and there is no evidence that the hours Eminent is seeking were accurately input into VMS;

f. The Parties' Operating Agreements provide that the NYC Clients issue and authorize the rates in the VMS timekeeping system, and there is no evidence that the NYC Clients authorized the rates Eminent is seeking;

2. The Clerk of Court shall enter judgment for Defendant and Counterclaimant RightSourcing, LLC and against Eminent on Eminent's Second Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing. There is no genuine dispute of material fact that:

a. Eminent's Second Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing relies on the same alleged acts as Eminent's First Cause of Action for Breach of Contract;

b. Eminent's Second Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing contradicts or varies the Operating Terms discussed above with respect to Eminent's First Cause of Action for Breach of Contract;

3. The Clerk of Court shall enter judgment for Defendant and Counterclaimant RightSourcing, LLC and against Eminent on Eminent's Third Cause of Action for Breach of the Implied Duty to Perform with Reasonable Care. There is no genuine dispute of material fact that:

a. Eminent's Third Cause of Action for Breach of the Implied Duty to Perform with Reasonable Care relies on the same alleged acts as Eminent's First Cause of Action for Breach of Contract;

b. Eminent's Third Cause of Action for Breach of the Implied Duty to Perform with Reasonable Care contradicts or varies the Operating Terms discussed above with respect to Eminent's First Cause of Action for Breach of Contract;

4. The Clerk of Court shall enter judgment for Defendant and Counterclaimant RightSourcing, LLC and against Eminent on Eminent's Fourth Cause of Action for Violation of California Business and Professions Code section 17200 et seq. There is no genuine dispute of material fact that:

a. Eminent's Fourth Cause of Action for Violation of California Business and Professions Code section 17200 et seq. relies on the same alleged acts as Eminent's First Cause of

Action for Breach of Contract;

b. Eminent's Fourth Cause of Action for Violation of California Business and Professions Code section 17200 et seq. contradicts or varies the Operating Terms discussed above with respect to Eminent's First Cause of Action for Breach of Contract;

c. Eminent's Fourth Cause of Action for Violation of California Business and Professions Code section 17200 et seq. seeks non-restitutionary disgorgement of monies that RightSourcing did not directly acquire from Eminent and/or benefits in which Eminent had an ownership interest;

5. The Clerk of Court shall enter judgment for Defendant and Counterclaimant RightSourcing, LLC and against Eminent on Eminent's Fifth Cause of Action for Promissory Estoppel. There is no genuine dispute of material fact that:

a. Fifth Cause of Action for Promissory Estoppel relies on the same alleged acts as Eminent's First Cause of Action for Breach of Contract;

b. Fifth Cause of Action for Promissory Estoppel contradicts or varies the Operating Terms discussed above with respect to Eminent's First Cause of Action for Breach of Contract;

6. The Clerk of Court shall enter judgment for Defendant and Counterclaimant RightSourcing, LLC and against Eminent on RightSourcing's contractual indemnity counterclaim and award damages in the amount established by the undisputed evidence, $106,340. Pursuant to the Operating Agreements' indemnification provision, RightSourcing is further entitled to recover its reasonable attorneys' fees incurred to pursue indemnification, including RightSourcing's attorneys' fees incurred in this action. To the extent the amount of recoverable attorneys' fees, costs, prejudgment interest, or post-judgment interest remains to be determined, RightSourcing may seek such relief by appropriate post-judgment motion.

7. Judgment shall be entered in favor of RightSourcing and against Eminent on all claims and counterclaims resolved by this Order.

///

///

///

///

**IT IS SO ORDERED.**

DATED: ____________________

______________________________
Honorable John A. Mendez
United States District Judge